UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARLOS KIDD, )<br>)<br>Petitioner, )<br>)<br>v.              )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:22-cv-00194-JPH-MKK |

**ORDER GRANTING WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

Petitioner Carlos Kidd filed this petition for a writ of habeas corpus when he was serving sentences for federal convictions at the United States Penitentiary in Terre Haute, Indiana. He contends that the Bureau of Prisons ("BOP") wrongly denied his request to direct his federal sentences to be served concurrently to sentences imposed by Texas state courts by improperly denying his request for a retroactive designation under 18 U.S.C. § 3621. Because the BOP relied on an impermissible reason when it denied his request, Mr. Kidd's petition is granted to the extent that the BOP is directed to reconsider it.

**I. Background**

Mr. Kidd is incarcerated in federal prison for convictions imposed by the United States District Courts for the Northern District of Texas and the District of North Dakota. *See United States v. Kidd*, 5:05-cr-117-H-BQ-1, dkt. 40 (N.D. Tex. Apr. 24, 2007); *United States v. Kidd*, 1:12-cr-190-DLH, dkt. 70 (N.D. March 25, 2014). Mr. Kidd also received convictions and sentences in Texas state court

1

both before and after his conviction in the Northern District of Texas.[1] Thus, the judgment in his Northern District of Texas case addressed whether that sentence should run concurrently or consecutively to the first, but not all, of his state sentences. Dkt. 6-5 at 2 (judgment stating that sentence should "run consecutive to the sentence imposed in Case No. 20,431-CR in the 20th Judicial District Court of Milam County, Cameron, Texas"). The judgment in the District of North Dakota provided that his sentence in that case should be served consecutive to his Northern District of Texas sentence. Dkt. 6-8.

On June 5, 2015, while he was still in the custody of the Texas Department of Criminal Justice, Mr. Kidd wrote a letter to the BOP, claiming that his Northern District of Texas sentence should have begun on September 18, 2011, the date he contends he would have been released from his first Texas state sentence if he had not received new state sentences. Dkt. 6-9. This letter was treated as a request to have his Northern District of Texas sentence run concurrently with his later state sentences. Dkt. 6-1 ¶ 16. The BOP wrote to the sentencing court to obtain its opinion on the matter, and when it did not receive a response, denied his request. Dkt. 6-10.

## II. Discussion

The BOP has the authority to compute the terms of imprisonment of federal prisoners for all offenses committed on or after November 1, 1987. *See*

---

[1] Dkt. 6-1 ¶ 5 (previous 10-year sentence in Cause No. 20-431CR in Milam County, Texas); dkt. 6-1 ¶ 9 (sentenced to 10 years' imprisonment on January 9, 2008, for Escape in Cause No. 21,636 in Milam County, Texas); dkt. 6-1 ¶ 10 (sentenced to 5 years' imprisonment on May 16, 2012, for Harassment by Persons in Correctional Facilities in Cause No. 10-DCR-55451-A, in Fort Bend County, Texas).

*United States v. Wilson*, 503 U.S. 329 (1992); 28 C.F.R. § 0.96. The essential questions in calculating a federal sentence are (1) when does the sentence commence, and (2) to what extent is the prisoner entitled to receive credit for any time already spent in custody. *See* 18 U.S.C. § 3585.

A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP. 18 U.S.C. § 3585(a). However, "the BOP may designate nunc pro tunc a state prison that once housed an inmate as the place of confinement for the inmate's federal sentence," under 18 U.S.C. § 3621, "effectively allowing the state and federal sentences to run concurrently." *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016). "[T]he BOP also has 'wide discretion' over that designation." *Id.* In other words, when a federal defendant is already serving a state sentence, BOP has the practical power to "make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence." *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000); *see also* 18 U.S.C. § 3621(b) (providing that the BOP shall designate the place of the prisoner's imprisonment).

The BOP may weigh these five factors when it considers a request for a retroactive designation:

    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence—
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

> (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In responding to Mr. Kidd's request to treat his Northern District of Texas sentence as concurrent to his later state sentences, the BOP stated:

> In your case, we have determined the relevant factors under 18 U.S.C. § 3621(b) are (2), (3), and (4).
>
> Under factor (2) your federal offense is Mailing Threatening Communications. Your state offense is Aggravated Assault, Escape, and Harassment by Person in a Correctional Facility.
>
> Under factor (3), your criminal history.
>
> Under factor (4), the federal judgment was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently. Nevertheless, the federal sentencing court was contacted for a statement concerning its position on a retroactive designation. The federal sentencing court has not yet provided a recommendation concerning a retroactive designation.
>
> Based on the foregoing, the Bureau has determined that a retroactive concurrent designation is not appropriate in your case.

Dkt. 6-11 at 1-2.

The BOP's reliance on the presumption in § 3584(a) that sentences run consecutively was improper in this case. The Supreme Court in *Setser v. United States*, 566 U.S. 231 (2012), held that § 3584(a) does not prevent a federal district court from ordering that a federal sentence run consecutively or concurrently "to an anticipated state sentence that has not yet been imposed." *Id.* at 233. In reaching this conclusion, the Supreme Court made clear that the presumption

in § 3584(a) "does not cover th[e] situation" where "the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence [at the time of the federal sentencing]." *Id.* at 234-35.

The Seventh Circuit addressed a similar determination by the BOP in *Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). The petitioner in that case, like Mr. Kidd, received a state sentence after his federal sentence was imposed and the BOP denied his request to retroactively designate his state prison as the place of imprisonment for his federal sentence. Mr. Pope argued that the BOP abused its discretion in denying his request "because it considered—and drew unwarranted inferences from—silence by the district court on whether his federal sentence should run consecutively or concurrently with his state sentence." *Id.* at 417. The Seventh Circuit agreed, explaining that "[t]he Supreme Court has explicitly prohibited the BOP from drawing this inference for defendants who—like Pope—had not yet received their state sentence when their federal sentence was imposed." *Id.* (citing *Setser v. United States*, 566 U.S. 231, 239 (2012)). The court therefore concluded that the BOP abused its discretion when it considered Mr. Pope's request.

The same reasoning applies here. The letter denying Mr. Kidd's request for retroactive designation indicates that the BOP drew inferences from the silence by the Northern District of Texas regarding whether his federal sentence should run concurrently to unidentified state sentences. *See* dkt. 6-11. Thus, the BOP abused its discretion in denying Mr. Kidd's request and Mr. Kidd is entitled to

reconsideration. *See Pope,* 889 F.3d at 418 (ordering the BOP to reconsider Mr. Pope's request for retroactive designation); *Banks v. Krueger,* No. 2:17-CV-00294-WTL-DLP, 2018 WL 2335836, at *3 (S.D. Ind. May 23, 2018) (concluding reliance on § 3584(a) was misplaced, that the BOP abused its discretion in denying Mr. Banks's request for a retroactive designation, and ordering the BOP to reconsider Mr. Banks's request for retroactive designation).

### III. Conclusion

Mr. Kidd's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **granted** to the extent that he is entitled to reconsideration of his request that his federal sentence should be served concurrently to later-imposed state sentences, through the retroactive designation of the Texas prison as the place of confinement for Mr. Kidd's federal sentence, under 18 U.S.C. § 3621. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/6/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CARLOS KIDD
34211-177
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ  85734

All Electronically Registered Counsel